IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNNE A. FORD, | No. CIV S-05-1657-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pursuant to the consent of the parties, this case is before the undersigned for final decision on plaintiff's motion for summary judgment (Doc. 23) and defendant's cross-motion for summary judgment (Doc. 27).

/ / /

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Michael J. Astrue is substituted for his predecessor. The Clerk of the Court is directed to update the docket to reflect the above caption.

1

## I. BACKGROUND

Plaintiff applied for disability insurance benefits on March 23, 2001, based on disability. In her application, plaintiff claims that her impairment began on October 11, 2000. Plaintiff describes her disability as follows:

> . . . Plaintiff suffers from chronic lumbosacral pain caused by lumbosacral degenerative disc disease which includes spinal stenosis at multiple levels as well as spondylosis with consequent severe pain in her left leg down to the foot and that her condition is confirmed by multiple MRIs beginning in 1999 with the last MRI in 2004.

Plaintiff is a United States citizen born March 11, 1947, with a high school education and some college courses.

Plaintiff's claim was initially denied. Following denial of her request for reconsideration, plaintiff requested an administrative hearing, which was held in 2002 before Administrative Law Judge ("ALJ") Richard P. Laverdure. The ALJ's October 23, 2002, decision was vacated by the Appeals Council, which remanded for further consideration of plaintiff's residual functional capacity. A supplemental hearing was held before the same ALJ on May 26, 2004.

In his January 24, 2005, decision, the ALJ concluded that plaintiff's impairments do not meet any of the impairments set forth in the Listing of Impairments contained in the Social Security regulations. The ALJ also determined that plaintiff retained a residual functional capacity for sedentary work and that an application of the Medical-Vocational Guidelines yielded a determination that plaintiff was not disabled.[2] After the Appeals Council declined further review on June 22, 2005, this appeal followed.

/ / /

/ / /

/ / /

---

[2] Plaintiff's claim in this case is limited to the ALJ's conclusion regarding applicability of the Listing of Impairments.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

## III.  DISCUSSION

In her motion for summary judgment, plaintiff raises only one issue.  Plaintiff argues that "[t]he evidence does not support the finding by the ALJ that plaintiff has no impairment meeting or equaling in severity any impairment set forth in the listing of impairments."  Specifically, plaintiff argues that she meets Listing 1.04(A) and Listing 1.04(B).  She does not challenge the ALJ"s assessment of the facts or evaluation of the medical opinions.

The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

Under Listing 1.04(A), individuals with disorders of the spine, such as osteoarthritis and degenerative disc disease, resulting in compromise of a nerve root or the spinal cord and evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation on motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight leg raising test are presumptively disabled. Under Listing 1.04(B), instead of evidence of nerve root compression, etc., the plaintiff must demonstrate lumbar spine stenosis established by findings based on imaging and manifested by chronic nonradicular pain and weakness, and resulting in an inability to ambulate effectively.

In his decision, the ALJ stated:

> I . . . find that the severity of the claimant's impairments, even in combination, does not meet or equal any Listing-level impairment set forth in Appendix 1, Subpart P, Regulations No. 4. Specifically, despite counsel's argument at Exhibit 12E, I find the medical evidence insufficient to show that the severity of the claimant's lower back impairment meets or equals Listing 1.04(A), on at least two grounds: (1) Dr. Whitmore stated that there is no evidence of nerve root compression per MRI scans and no consistent motor loss or atrophy; and (2) although the record describes the straight leg raising test as positive on the left in the seated position, there is no evidence showing positive straight leg raising in the supine position (and further noting that the recent orthopedic CE, Dr. Dhesi, reported that straight leg raising test was negative in both the sitting and supine positions).

It does not appear that the ALJ specifically addressed the application of Listing 1.04(C), but he did conclude that plaintiff's impairments do not meet "any Listing-level impairment. . . ."

Listing 1.04(A)

Because plaintiff's complaints involve her lower back, for Listing 1.04(A) to apply, plaintiff must demonstrate all of the following: (1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain; (2) limitation on motion of the spine; (3) motor loss with sensory reflex loss; and (4) positive straight leg test, both in the supine and seated positions. In her motion, plaintiff states that the medical evidence shows the following:

1. An MRI for the lumbar spine performed in July 1999 established a moderate to large posterior disc protrusion/herniation as well as spinal stenosis;

2. A second MRI in December 2000 showed a large herniated disc severely impinging on the second ventral space as well as spinal stenosis;

3. A third MRI in December 2001 showed a large herniated disc centrally creating a prominent spinal stenosis;

4. A fourth MRI in August 2004 showed a large anterior disc bulge and some minimal to moderate stenosis;

5. A fifth MRI in November 2004 showed a diffuse disc bulge causing mild canal stenosis;

6. In June 2002, Jason Whitmore, M.D., reported that plaintiff's pain distribution was consistent with the abnormal injured disc and that plaintiff had weakness in her left foot and ankle;

7. In September 2001, Jay Chun, M.D., reported weak motor strength and reduced lumbar flexion extension;

8. In August 2004, Rajpreet Dhesi, M.D., found significant restrictions in plaintiff's back range of motion, weakness in the lower extremities, and a lack of deep tendon reflexes in the left ankle; and

9. In July 2004, a Kaiser doctor noted restricted lumbar range of motion due to pain, diminished sensation in the left leg, and a 40-degree difference between seated and supine straight leg raising tests.

Plaintiff does not point to any portion of the medical evidence showing positive straight leg raising tests for both the supine and seated positions. In fact, the records from the Kaiser doctor cited by plaintiff specifically state that straight leg raising is "negative bilaterally." In addition, as noted by the ALJ, Dr. Dhesi stated: "Sitting and supine straight leg raising causes

5

1  no pain suggestive of radiculitis . . . (SLR is negative)."

2  Because there is no evidence of positive straight leg raising in both the seated and
3  supine positions, Listing 1.04(A) does not apply.

4  Listing 1.04(C)

5  For Listing 1.04(c) to apply, rather than the four factors required under Listing
6  1.04(A), the plaintiff must show lumbar spine stenosis: (1) established by findings based on
7  imaging; (2) manifested by chronic nonradicular pain and weakness; and (3) resulting in an
8  inability to ambulate effectively.  In this case, the medical evidence does not establish an
9  inability to ambulate effectively.  For example, Dr. Dhesi opined that plaintiff can walk for two
10 hours in an eight-hour day for 15 minutes at a time.  He also opined that plaintiff can walk
11 cumulatively three hours a day.  In addition, Dr. Dhesi stated that plaintiff would need to use a
12 cane for ambulation.  The use of a cane, however, does not mean that ambulation is ineffective.
13 In fact, plaintiff's impairment is such that use of a cane results in effective ambulation, per the
14 doctor's opinion.

15 Moreover, in responses to a pain questionnaire, plaintiff described her daily
16 activities as follows:

17 > I do household chores, light cleaning, dishes, etc., as I can.  If it's a good
> day, I can tidy up.  If not, I wait until I feel like doing it.  I drive to do
18 > errands, but do little walking.

19 While this describes a person who has difficulty ambulating, it does not demonstrate that
20 plaintiff can't ambulate effectively.  Finally, in responses to a daily activities questionnaire,
21 plaintiff stated that she enjoys fishing, walking, cycling, and reading.  Again, these activities do
22 not suggest that plaintiff could not ambulate effectively.

23 Because there is no evidence showing that plaintiff is unable to ambulate
24 effectively, Listing 1.04(c) does not apply.

25 / / /

26 / / /

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

   1. Plaintiff's motion for summary judgment is denied;
   2. Defendant's cross-motion for summary judgment is granted; and
   3. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  February 16, 2007.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE